IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Sara Garcia de Alba | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| General Revenue Corporation<br>325 Daniel Zenker Dr.<br>Horseheads, NY 14845 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Sara Garcia de Alba, brings this action to secure redress from unlawful collection practices engaged in by Defendant, General Revenue Corporation; Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

3. Plaintiff acknowledges that debt collectors can garnish a debtor's wages for student loan repayment without being forced to file a lawsuit, however, any student loan garnishment is subject to the requirements of 20 U.S.C. Section 1095a.

4. The FDCPA has strict requirements on what can and can not be said by debt collections in the communication of an attempt to collect a debt. 15 U.S.C. Section 1692b

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Sara Garcia de Alba (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiff's former name is Sara Thomsen as reflected by the dunning letter. See Exhibit A.
9. Plaintiff is a resident of the State of Illinois
10. Defendant, General Revenue Corporation. ("Defendant"), is a New York business entity with an address of 325 Daniel Zenker Drive, Horseheads, NY 14845-1008 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
11. Unless otherwise stated herein, the term "Defendant" shall refer to General Revenue Corporation.
12. At some point, the original creditor, transferred this debt to Defendant for debt collection.
13. The type of debt being collected upon was for a student loan.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for student loans
15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
16. The Defendant attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. Section 1692a(2).

17. On July 5, 2016, Defendant sent an initial communication to Plaintiff. See Exhibit A.

18. Said letter states "[F]ailure to pay the account in full, agree to a satisfactory repayment arraignment, or utilize another recovery option may result in additional collection efforts, including:

   -contacting your employer to determine eligibility for administrative wage garnishment" See Exhibit A.

19. In 20 U.S.C. Section 1095a, the Code lays out the requirements for garnishing a debtor's wages for student loans.

20. Specifically the requirements set out in 20 U.S.C. Section 1095a(a)(2), (3)(4), make what is implied in this letter an impossibility.

21. Moreover, on between July 1 and July 6, Plaintiff's non-immediate family members received calls from the Defendant, the Defendant left messages stating "My name is …… I am calling you because you are listed as a reference for ….Sara Thomsen…please call us back at…."

22. The actions described in paragraph 21 are a clear violation of the requirements set fourth in 15 U.S.C. Section 1692b.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.

25. The Defendant's conduct violated 15 U.S.C. Section 1692b by revealing Plaintiff's information to third parties.

## STANDING AND INJURY

26. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

27. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
28. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
29. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff